IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| MONTANA MINE LAND HOLDINGS, LLC, a Montana limited liability company; and TRACY AND MARCY FORTNER,<br><br>    Plaintiffs,<br><br>  vs.<br><br>U.S. DEPARTMENT OF AGRICULTURE, SONNY PERDUE, in his official capacity as Secretary of the Department of Agriculture; U.S. FOREST SERVICE; THOMAS L. TIDWELL, in his official capacity as Chief of U.S. Forest Service; and WILLIAM AVEY, in his official capacity as Forest Supervisor of the Helena-Lewis and Clark National Forest,<br><br>    Defendants. | CV 17–65–H–CCL<br><br>ORDER |

Before the Court is Defendants' motion to dismiss the complaint. (ECF No. 5.) The motion is opposed by Plaintiffs. This is a quiet title action against the

United States relating to a patented mining claim in the Helena-Lewis and Clark National Forest.

BACKGROUND

This case arises from a dispute between Plaintiffs Tracy and Marcy Fortner and Montana Mine Landholdings, LLC ("Fortners") and the Townsend Ranger District of the Helena-Lewis and Clark National Forest. The Fortners and Montana Mine Land Holdings, LLC, hold several patented mining claims in the Helena-Lewis and Clark National Forest (the Western Star Lode and Mill Site, the Keene Placer claim, and the Norris claim). Two of their mining claims (the Western Star and Keene Placer) are served by Road 287A-1 (Montana Gulch Road), which is closed to public motorized use under the 2005 North Belts Travel Plan. The Travel Plan requires that when in-holders need to use closed roads in the National Forest, they must obtain Special Use Permits. The Fortners challenge the Forest Service's requirement that they apply for a special use permit to access their patented mining claims. (ECF No. 1, Compl., ¶ 3.) The Fortners' Complaint asserts that they are entitled to use the road by virtue of the right-of-way and

2

express easement conferred upon their claims by the General Mining Act of 1872 before the Helena National Forest was created because the possession and enjoyment of their patented claim that is promised by the Act is not possible without access. Thus, the Fortners seek a declaratory judgment by the Court that the Forest Service cannot require them to obtain a Special Use Permit.

## LEGAL STANDARD

On a motion to dismiss a complaint, the court takes "[a]ll factual allegations set forth in the complaint . . . as true and construed in the light most favorable to [the plaintiff]." *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001) (citation omitted). A court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Sciences. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Pleading facts that are "merely consistent with a defendant's liability,"

does not plead a claim warranting relief. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," and "naked assertion[s] devoid of further factual enhancement" do not suffice to state a cause of action and must be disregarded. *Id.* (internal citation omitted). Though the district court will not generally look beyond the four corners of the complaint, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). In this case, Plaintiffs' Complaint refers to the patents and survey plats for Plaintiffs' in-holdings, and these documents have been attached by Defendants' to their brief in support of their motion to dismiss as Exhibits A and B. Plaintiffs do not contest the authenticity of the government documents placed in issue by the Complaint.

## DISCUSSION

Plaintiffs claim that because there is a road drawn on the plat and survey

notes for the Keene Placer patent, they have received an express grant of an easement across all federal and private property leading to the Keene Placer patented claim.

This conclusory factual allegation underlies Plaintiff's Complaint, and it fails as a matter of law. There is no reference to any road easement on the patent document or the attached plat and survey notes. The fact that a road is drawn on the plat cannot provide an implied or express easement, as a matter of law.

Easements across federal lands do not operate in the same fashion as do easements across private lands. In the Nineteenth Century, unfettered use of public lands was understood to be an "implied license" when lands were open and their use was not forbidden by the government. *See Fitzgerald Living Trust v. United States*, 460 F.3d 1259 (9th Cir. 2006) (citing *Buford v. Houtz*, 133 U.S. 320, 10 S.Ct. 305, 33 L.Ed. 618 (1890)). Such use by the public "did not confer any vested right on the public." *Id. (*citing *Light v. United States*, 220 U.S. 523, 535, 31 S.Ct. 485, 55 L.Ed. 570 (1911)). Therefore, at the time the Keene Placer patent was granted by the U.S. General Land Office in 1894, (ECF No. 6-2 at 1-5), there

was no 'easement by necessity' in the road running through the Keene Placer claim because the grantees used the road by the implied license and thus no necessity existed. *See Fitzgerald Living Trust*, 460 F.3d at 1266 (citing *United States v. Jenks*, 129 F.3d 1348, 1354 (10th Cir. 1997)).

Under the Property Clause of the United States Constitution, Congress is authorized to "make all needful Rules and Regulations respecting the . . . Property belonging to the United States." U.S. Const. Art. IV, § 3, cl. 2. "Federal law governs a claim of easement over lands owned by the United States." *McFarland v. Kempthorne*, 545 F.3d 1106, 1110 (citing *Superior Oil Co. v. United States*, 353 F.2d 34, 37 n.4 (9th Cir. 1965)). Indeed, the rules regarding easements over lands of the United States are substantially different from the rules applicable to private property. "In a public grant nothing passes by implication, and unless the grant is explicit with regard to the property conveyed, a construction will be adopted which favors the sovereign . . . ." *Albrecht v. United States*, 831 F.2d 196, 198 (10th Cir. 1987) (citation omitted).

There being no easement by necessity or implied easement available to

Plaintiffs, the Court considers whether Fortners hold an express easement over Road 287A.  Fortners contend that they do, because they "have clearly pled that their patent and plat expressly gave them a road."  (ECF No. 7, Pls' Response to Motion to Dismiss, at 9.)  Thus, Fortners contend that the plat map attached to their patent document constitutes an express easement because the plat map shows a road running into and through the Keene Placer claim.  The Fortners also contend that the 1872 Mining Act granted an express right-of-way to every mining claim, but there is no such language in that Act.  *See*, 30 U.S.C. § 22 ("all valuable mineral deposits . . . shall be free and open to exploration and purchase, and the lands in which they are found to occupation and purchase, by citizens of the United States . . . under regulations prescribed by law . . . and according to local customs or rules of miners . . . so far as the same are applicable and not inconsistent with the laws of the United States.").  There is no express easement to public roads granted by the 1872 Mining Act.

Both *Fitzgerald* and *McFarland* held that a grant of easement by the United States must be express.  In both cases, the document of conveyance transferred the

property "with the appurtenances thereof," and both property owners claimed that the appurtenances conveyed included easements over federal land. This argument failed in both cases because "[w]hile the word 'appurtenance' will carry with it an existing easement, it will not create the easement." *McFarland*, 545 F.3d at 1111 (citing *Fitzgerald*, 460 F.3d at 1267). Because the transfer of public lands must be construed in favor of the sovereign, "[t]he intent to grant an easement must be so manifest on the face of the instrument . . . that no other construction can be placed on it." *Fitzgerald Living Trust*, 460 F.3d at 1267.

Congress has enacted statutory prescriptions for private property, or in-holdings, within the National Forest System. For example, the Alaska National Interest Lands Conservation Act of 1980 ("ANILCA") applies to all National Forest System lands. *See Montana Wilderness Association v. U.S. Forest Service*, 655 F.2d 941, 957 (9th Cir. 1981). In § 1323(a) of ANILCA, the Secretary of Agriculture is required to "provide such access to non-federally owned land within the boundaries of the National Forest System as the Secretary deems adequate to secure to the owner the reasonable use and enjoyment" of a private in-holding. 16

U.S.C. § 3210(a). This "reasonable use and enjoyment" by the private in-holder is explicitly conditioned by Congress on the in-holder's compliance "with rules and regulations applicable to ingress and egress to or from the National Forest System." 16 U.S.C. § 3210(a). In response, the Secretary of Agriculture has enacted regulations to require landowners to apply for a Special Use Permit to access in-holdings. 36 C.F.R. § 251.112(a). This permitting process is the proper mechanism for regulation by the Secretary of Agriculture. *McFarland*, 545 F.3d at 1112; *Adams*, 255 F.3d at 795; *Jenks*, 22 F.3d at 1518. Thus, pursuant to ANILCA, the Forest Service regulations require owners such as the Fortners to apply for a Special Use Permit to access their property. 36 C.F.R. § 251.112(a).

It appears that the Fortners' claim of an express easement is even weaker than *Fitzgerald* and *McFarland's* unsuccessful reliance on "appurtenances" language, since Fortners rely merely on the fact that their plat map shows a road entering their claim. There is no express reference whatsoever, either in the patent document or on the plat map, to any easement. Because there is no easement by necessity or implied easement, and there is obviously no express grant of an

9

easement, this Court concludes that there is no easement, as a matter of law. Plaintiffs make no allegation that refutes the Defendants' argument based on the patent and plat documents, and these are the very documents upon which Plaintiffs' entire Complaint is based. Defendants have clearly demonstrated that Plaintiffs' conclusory allegations in their Complaint must fail as a matter of law.

Accordingly,

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss the Complaint (ECF No. 5) is GRANTED. The Complaint is DISMISSED and all relief denied to Plaintiffs.

Let judgment enter.

Dated this 5th day of April, 2018.

/s/ Charles C. Lovell
CHARLES C. LOVELL
SENIOR UNITED STATES DISTRICT JUDGE